No. 4543.

Court of Appeal, Parish of Orleans.

# THE CABLE PIANO COMPANY VS. PHILIP WERLEIN, LIMITED.

In case any person shall take possession of a vacant succession, or a part thereof, without being duly authorized to that effect, with the intent of converting the same to his own use, he shall be liable to pay all the debts of the said estate, exclusive of the damages to be claimed by the parties who may have suffered thereby.

Appeal from Civil District Court, Division "E."

R. L. Tullis, F. E. Rainold, for Plaintiff and Appellee.

Merrick & Lewis, for Defendant and Appellant.

MOORE, J.   The plaintiff company sue to compel the defendant company to pay plaintiff an alleged debt of Adolph Williams, the liability to pay which is charged to arise from the defendant having taken possession of a part of Williams' vacant succession with the intent to convert it to its own use and without beig authorized to that effect.

It appears that on the 8th day of November, 1904, plaintiff sold and delivered to one Adolph Williams, a resident of the Parish of St. Martin, in this State, a certain Wellington Piano, Style A, Mahogany Case No. 51,663, for the price and sum of $250.   The contract of sale was in writing and stipulated for payments at stated periods and in certain amounts and provided that upon default of any payment at the periods stated, the whole of the unpaid balance of the purchase price was to become due and exigible, together with interest thereon, at the rate of 5 per cent. per annum from the day of default, and 10 per centum on the aggregate of principal and interest as attorneys' fees.   Up to the 10th day of May, 1905, Williams had paid on account the sum of thirty dollars, but on that day an installment was due, which he failed to meet, and no further or subsequent payments were made.

Williams died on or about the 6th day of June, 1906, in the Parish of his domicile (St. Martin,) still having the piano in his possession.   His succession was never opened, and has remained since his death vacant and unclaimed.

It further appears that the defendant company had also sold a piano to Williams on which there was an unpaid balance

of the purchase still due and owing. This piano was known as a ":Werlein," and had been sold long before Williams had purchased the Wellington Piano from the plaintiff. The claim for the Werlein Piano had been put in the hands of the Wilcox Agency for collection, and that "Agency" in turn sent the claim to a lawyer in St. Martin.

The Werlein Piano, so the defendant company had been advised by Williams, had been badly damaged by a cyclone which swept over the Parish of St. Martin, and then it was that Williams offered to return it to defendant, who declined to accept it, writing to their representative, C. O. Wilcox, on the 20th of November, 1905: "We will not under any circumstances take back the instrument."

On the 13th of June, 1906, after it had knowledge that Williams was dead, and advice that "the piano was in a fairly good condition," defendant wrote its representative "to take possession of the instrument, and have it shipped to us at as early date as possible."

Thereupon defendant's representative, some ten days after Williams' death, proceeded to the house in which Williams, who was a school teacher, taught school, and where he had always kept the piano which he had bought of plaintiff, took possession of the piano and shipped same to defendant. At once it was received the defendants discovered that it was a Wellington Piano, made exclusively by the plaintiff company and protected by a registered trade mark. Very soon thereafter the plaintiff learned that its piano was in the possession of defendant, and at once communicated its claim thereon to defendant, fully explaining same, and requested that the piano be returned to plaintiff or that Williams' debt to it be paid by defendant. All demands were in vain. Defendant, for one cause or another, prolonged negotiations and put off settlement for nearly a year pending which it sold the piano for $15.00, and then offered plaintiff $5.00 in settlement of its demand. This was refused, and suit followed.

The piano which was taken by the defendant constituted a part of the vacant succession of Adolph Williams; the taking was without authority, and that the intention was to convert the piano to the use of the taker was made manifest by defendant's subsequent acts. It is, hence, responsible for plaintiff's claim.

"In case any person shall take possession of a vacant suc-

cession, or a part thereof, without being duly authorized to that effect, with the intention of converting the same to his own use, he shall be liable to pay all debts of said estate, exclusive of the damages to be claimed by the parties who may have suffered thereby." C. C. 1100.

The judgment appealed from is affirmed.
November 23, 1908.